| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JAMES A. MCNEELY, | § |
| Plaintiff, | § |
| versus | § CIVIL ACTION NO. 1:16-CV-51 |
| MITCH WOODS, *et al.*, | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James A. McNeely, a former pre-trial detainee at the Jefferson County Correctional Facility, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: former Sheriff Mitch Woods, "Jailer" Rod Carroll, Correctional Officer John Doe #1, Correctional Officer Regan, Kent Sims, Jane Doe #1, Jane Doe #2, and Correctional Officer Moss.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's claims against medical defendants Kent Sims, Jane Doe #1 and Jane Doe # 2 should be dismissed for failure to state a claim and as frivolous.[1]

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] In his objections, plaintiff says Jane Doe #1 is Dr. Hayes.

After careful consideration, the court finds plaintiff's objections are without merit. Plaintiff's allegations against the three medical defendants do not support a claim of deliberate indifference. Plaintiff concedes he was seen by defendant Sims and Jane Doe #2 after the assault and ultimately sent for a comprehensive set of x-rays. Plaintiff's complaint is that the treatment was delayed and not to his satisfaction. As to the delay, plaintiff also concedes that he did not tell anyone about the incident. Plaintiff was not interviewed about the incident until another inmate told security. The delay in treatment was clearly beyond the medical defendants' control if they were not aware of the assault and plaintiff's injuries. As to his treatment, plaintiff must do more than show that he did not receive the treatment he wanted -- he must allege that jail officials, "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 765 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). At best, plaintiff's claims against defendant Kent Sims and Jane Doe #2 amount to negligence and do not suffice to establish a constitutional violation under § 1983.

Plaintiff's claims against defendant Jane Doe #1 similarly fail. Plaintiff makes no allegation that defendant Jane Doe #1 was personally involved in any of plaintiff's mental health care while at the Jefferson County Correctional Facility. Plaintiff's complaint is that he was not seen and treated by defendant Jane Doe #1. Plaintiff, however, makes no allegation that defendant Jane Doe #1 was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed to plaintiff nor that she drew the inference.

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Partial Judgment will be entered in accordance with the recommendation of the United States Magistrate Judge.

SIGNED at Beaumont, Texas, this 4th day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE